# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOEY A. FIELDS,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-43**        (JCN: 2020018766)

**CITY OF NITRO**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joey A. Fields appeals the January 4, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent City of Nitro filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's February 1, 2021, order which denied vocational rehabilitation services; the March 31, 2021, order closing the claim for temporary total disability ("TTD") benefits; and the March 31, 2021, order denying the request to reopen the claim for TTD benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Relevant to this case, it should be noted that Mr. Fields has a history of previous low back injuries and symptomology related to his right upper extremity. Specifically, Mr. Fields was previously injured in a work-related incident around June of 2017 and filed a claim for workers' compensation benefits. From 2017 through 2019, Mr. Fields sought treatment for chronic pain in his lumbar spine and his right shoulder. During that time, Mr. Fields also underwent a microdiscectomy of the right L5-S1 and he was diagnosed with carpal tunnel syndrome.

Regarding the instant claim, on February 5, 2020, Mr. Fields was walking up a flight of stairs when his foot slipped, causing him to fall on his right side. Mr. Fields was evaluated the next day, and x-rays showed no acute fracture or injuries. He was diagnosed

---

[1] Joey A. Fields is represented by Patrick K. Maroney, Esq. City of Nitro is represented by Steven K. Wellman, Esq. and James W. Heslep, Esq.

with sprains/strains of the right shoulder and low back. On March 19, 2020, the claim administrator held the claim compensable for strains/sprains of the right shoulder and lumbar spine.

David Soulsby, M.D., examined Mr. Fields on September 2, 2020, and opined that Mr. Fields' ongoing low back symptoms were related to his prior disc herniation/surgery and that little to no aggravation of the compensable injury was apparent. He further opined that it was questionable whether an acute injury to Mr. Fields' right shoulder had occurred and stated his symptoms were more likely due to a cervical spine condition. Dr. Soulsby concluded that Mr. Fields had reached maximum medical improvement ("MMI") for the lumbar spine but not the right shoulder and recommended that he undergo an EMG. The subsequent EMG revealed moderately severe polyneuropathy in both arms and legs, with no sign of radiculopathy.

On October 5, 2020, Randall Short, M.D., was asked to review surveillance footage of Mr. Fields lifting a pumpkin, attaching a trailer to his truck, placing a compound bow and arrows into his truck, and manually lifting a garage door. Based upon the footage, Dr. Short opined that Mr. Fields was able to use his right shoulder with no signs of pain. Dr. Soulsby also reviewed the footage and issued a report opining that the activities performed by Mr. Fields were inconsistent with his reports of pain. As such, he opined that Mr. Fields had also reached MMI with regard to the right shoulder.

Mr. Fields underwent an MRI later in October of 2020, which revealed a Superior Labrum Anterior and Posterior ("SLAP") tear/lesion. On October 30, 2020, the claim administrator notified Mr. Fields that it would be suspending his TTD benefits and that, absent further medical evidence that he continued to be disabled, the claim would be closed.

In December of 2020, James Cox, D.O., evaluated Mr. Fields, and based on the MRI, diagnosed him with a SLAP lesion. Dr. Cox recommended surgery to repair the tear. On January 28, 2021, James M. Dauphin, M.D., reviewed the claim and opined that the polyneuropathy discovered on the EMG should not be held compensable, stating that the polyneuropathy was present in both arms and legs and had no relation to the compensable injuries.

On February 1, 2021, the claim administrator issued an order denying Mr. Fields vocational rehabilitation services, finding that further case management services were not warranted. Mr. Fields completed an application to reopen his claim for TTD benefits, and Dr. Cox completed the physician's section. Dr. Cox stated Mr. Fields had been diagnosed with a SLAP lesion and requested an arthroscopic labrum repair. Dr. Cox opined that Mr. Fields was temporarily and totally disabled from February 8, 2020, through present.

Syam B. Stoll, M.D., performed an independent medical evaluation ("IME") of Mr. Fields on February 18, 2021. Dr. Stoll opined that Mr. Fields' mechanism of injury was inconsistent with a SLAP tear/lesion and that the diagnosis should not be added to the claim. He further opined that, as such, a right shoulder arthroscopy and labral repair was not necessary to treat the compensable conditions in the claim. Lastly, Dr. Stoll indicated that, upon his review of the surveillance footage, it was his opinion that there was no evidence of any physical limitations or pain behavior regarding Mr. Field's right shoulder. Dr. Short also authored a report indicating that the SLAP tear should not be added to the claim, nor should the arthroscopic labral tear repair be authorized.

On March 31, 2021, the claim administrator issued an order notifying Mr. Fields that because he had submitted no further evidence demonstrating that he continued to be disabled, his TTD benefits were closed. The claim administrator issued a second order denying Mr. Fields' request to reopen the claim for TTD benefits, noting that he failed to disclose a progression or aggravation of the compensable conditions. The claim administrator also denied authorization for an arthroscopic labrum tear repair based upon the reports of Drs. Soulsby, Short, and Stoll, stating that the SLAP tear was not a compensable condition in the claim. Nevertheless, Mr. Fields proceeded with the surgery and filed a grievance with the Encova Select Grievance Board, which also recommended against authorizing the arthroscopic labrum tear. Thus, in April of 2021, the claim administrator affirmed its March 31, 2021, orders.

On August 11, 2021, Mr. Fields testified via deposition. Mr. Fields contested the surveillance footage's interpretation by Drs. Short, Soulsby, and Stoll. Mr. Fields stated he had been restricted to lifting ten pounds or more and that he most often had pain and difficulty with overhead movements. Mr. Fields stated the pumpkin he lifted weighed approximately seven pounds and that after lifting it, he rested it on the side of his shopping cart. Mr. Fields further denied that he was going hunting with a crossbow, stating that he simply retrieved the bow from the home for his stepson and placed it in his vehicle. Mr. Fields opined that the crossbow weighed approximately seven or eight pounds. He also denied hooking a trailer to his truck, claiming that he was standing next to the truck talking to a friend.

On July 5, 2022, Marsha Lee Bailey, M.D., performed an IME on Mr. Fields and found that the diagnoses of lumbar sprain and right shoulder sprain were a result of the compensable injury. Dr. Bailey opined that Mr. Fields' current right shoulder symptoms predated his compensable injury by over two years, with consistent reports and treatment occurring between September of 2017 and September of 2019—only five months before the compensable injury. As such, Dr. Bailey stated Mr. Fields "long ago reached MMI for his compensable lumbar and right shoulder sprains and no treatment of any kind is medically necessary."

3

On January 4, 2023, the Board issued an order addressing several issues. Relevant to this appeal, the Board addressed (1) the claim administrator's denying Mr. Fields vocational rehabilitation services, (2) the claim administrator's closing the claim for TTD benefits, and (3) the claim administrator's denying Mr. Fields' request to reopen the claim for TTD benefits.[2] Here, the Board affirmed each of the claim administrator's decisions regarding these issues. The Board affirmed the denial of vocational rehabilitation services to Mr. Fields, noting that he proceeded with a shoulder surgery (that was not authorized by the claim administrator) and had presented no evidence that he had been released to participate in services after that surgery. Regarding TTD benefits, the Board affirmed the claim administrator's order closing the claim on the basis that Mr. Fields had reached MMI with regard to his compensable lumbar strain and right shoulder strain on September 2, 2020, and October 15, 2020, respectively. While Dr. Cox opined that Mr. Fields was temporarily and totally disabled from February 8, 2020, through January of 2021, the Board found that he did so based upon the SLAP lesion, which was not compensable. Further, another doctor stated Mr. Fields was temporarily and totally disabled on the basis of chronic regional pain syndrome, which was also not compensable in the claim. As such, there was no evidence presented that demonstrated that Mr. Fields continued to be temporarily and totally disabled due to his lumbar and right shoulder sprain/strains, and the Board determined that the closure of the claim was proper. Lastly, the Board found that the claim administrator properly denied the request to reopen the claim because the request was based on the SLAP lesion/tear and not the compensable conditions. Mr. Fields now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] Mr. Fields is not appealing the portions of the Board's order relating to the claim administrator's denying the addition of chronic regional pain syndrome to the claim and denying a referral to a specialist for polyneuropathy.

4

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Fields argues that the Board failed to consider and properly weigh the evidence regarding his TTD benefits and continued treatment. According to Mr. Fields, Dr. Soulsby initially found that Mr. Fields had not reached MMI with regard to his right shoulder and recommended that he undergo an MRI, stating that further treatment could not be determined at that time. Subsequently, the MRI revealed a SLAP tear/lesion in Mr. Fields' shoulder, and Dr. Cox opined that it would not heal without surgery. Mr. Fields contends that, based on this evidence, he should have been entitled to further TTD benefits and further medical treatment.

Upon our review, we find that the Board was not clearly wrong in affirming the claim administrator's orders. We first address Mr. Fields' argument that the Board erred in affirming the claim administrator's orders closing the claim for TTD benefits and denying the request to reopen the claim for TTD benefits. Pursuant to West Virginia Code § 23-4-7a (2005), a claimant's entitlement to TTD benefits will cease when he or she has reached MMI, has been released to return to work, or has returned to work, whichever occurs first. In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3 (2021).

Here, Mr. Fields reached MMI for his lumbar strain/sprain in September of 2020, and for his right shoulder strain/sprain in October of 2020. Thereafter, the claim administrator issued a notice indicating that it would be closing the claim for TTD benefits unless further evidence of Mr. Fields' continued disability was presented. Subsequently, no evidence was presented that Mr. Fields continued to be disabled due to his lumbar strain/sprain or his right shoulder strain sprain. As such, we find that there was no error in closing the claim for TTD benefits.

Moreover, while Mr. Fields attempted to have the claim reopened for TTD benefits, Dr. Cox attributed his continued disability to his SLAP tear/lesion and not the compensable strains/sprains. Drs. Stoll and Short opined that the tear/lesion was not consistent with the mechanism of injury and should not be added to the instant claim, and Dr. Bailey opined that Mr. Fields' shoulder symptoms predated the injury and that he had reached MMI for his compensable injuries. Accordingly, we find that the request to reopen the claim for TTD benefits was properly denied when the SLAP tear/lesion was not attributable to the compensable injury and had not been added as a condition in the claim.

Furthermore, while Mr. Fields claims he is entitled to more treatment, we note that because the SLAP tear/lesion is not attributable to the compensable injury, Mr. Fields is

not entitled to medical treatment for that condition as it is not medically related or reasonable. *See* W. Va. Code § 23-4-3(a)(1) (2005) (directing that providers of workers' compensation benefits "shall disburse and pay for personal injuries to the employees who are entitled to the benefits . . . [s]ums for health care services, rehabilitation services, durable medical and other goods and other supplies and medically related items as may be reasonably required.").

To the extent that Mr. Fields raises issues with the doctors' interpretation of the surveillance footage in reaching their decisions, we note that the Board considered both their opinions and Mr. Fields' deposition testimony explaining his actions in the surveillance footage, and ultimately found the reports of the doctors to be more credible. Credibility determinations are exclusively reserved for the trier of fact. *See Martin v. Randolph Cnty Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . ."). Given that the Board's conclusions are adequately supported by the evidence of record, we decline to disturb its reliance upon the opinions of the medical professionals over Mr. Fields' explanation of his actions.

Lastly, we dispense with Mr. Fields' assignment of error that the Board erred in affirming the claim administrator's decision denying vocational rehabilitation services as he provides no argument regarding this issue. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Here, Mr. Fields cites to no portion of the record demonstrating that he was unable to return to work due to his compensable injuries or that a medical professional indicated that he was a candidate for vocational rehabilitation services. Accordingly, Mr. Fields is entitled to no relief in this regard.

For the foregoing reasons, we find that the Board's decision is not in violation of any statutory provision, nor clearly wrong in light of the evidence, nor characterized by an abuse of discretion. Therefore, we affirm the Board's January 4, 2023, order.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating